UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOSEPH FIDEL FELIX,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>Defendant. | Case No. 24-cv-00660 BLF<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 7, 9) |

Plaintiff, a state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the County of Santa Clara. Dkt. No. 1. Plaintiff's motions for leave to proceed *in forma pauperis* will be addressed in a separate order. Plaintiff also moves for appointment of counsel. Dkt. Nos. 7, 9.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   Plaintiff's Claims

Plaintiff names "Unidentified Santa Clara County Authorities" as Defendant in this action. Dkt. No. 1 at 2. He seeks declaratory relief and damages. *Id.* at 3.

The complaint fails to state any cognizable claim for relief against the named Defendant. Plaintiff asserts that "numerous unidentified Santa Clara County officials are responsible for the affirmative actions, their participation in the affirmative actions and/or their failure to perform legal 'duty' to intercede or intervene another officer of the court, jail administrators, and other Santa Clara deputies from the clear deprivation of any rights provided or immunities secured by the U.S. Constitution and laws from every person acting under color of any statutes, ordinance, regulation, custom, of any state or territory of the U.S. D.C., subjects or causes to be subjected." *Id.* at 2-3. However, there are no factual allegations describing specific the acts or conduct of any specific state actor. Furthermore, there is no indication what rights were violated. The complaint references 18 U.S.C. § 241, *id.* at 3, but this is a federal criminal statute for which there is no private right of action, *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Other than this reference, Plaintiff does not reference or identify any other federal law, statute or constitutional provision, much less allege a violation thereof, and merely makes general statements regarding duties of those in public office and government malfeasance. Dkt.

2

No. 1 at 3. Plaintiff shall be granted one opportunity to file an amended complaint that states a cognizable claim under § 1983.

Plaintiff should keep the following principles in mind in preparing an amended complaint. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

### III.    Motion for Appointment of Counsel

Plaintiff requests appointment counsel on the grounds of indigency, in the interest of public safety, his lack of experience, complexity of the issues, and counsel would be helpful during a trial. Dkt. No. 7 at 1-2.[1] There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff's indigency and lack of experience do not distinguish him from other prisoner-plaintiffs to warrant appointment of counsel. Furthermore, the complaint contains no cognizable claim

---

[1] Plaintiff filed this motion on February 26, 2024, and then a duplicative motion on March 13, 2024. Dkt. No. 9.

3

to support Plaintiff's other proffered reasons. Accordingly, Plaintiff's motion is **DENIED** without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 24-cv-00660 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order by filing an amended complaint or notice in the time provided will result in the dismissal of this action with prejudice for failure to state a claim for relief without further notice to Plaintiff.**

3. Plaintiff's motions for appointment of counsel are **DENIED**. Dkt. Nos. 7, 9.

4. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

This order terminates Docket Nos. 7 and 9.

**IT IS SO ORDERED.**

Dated: ___April 29, 2024_____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dism. w/LTA; Deny Mot. for Appt. of Counsel
P:\PRO-SE\BLF\CR.24\00660Felix_dwlta