United States District Court
Northern District of California

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11
12

DANIEL JOSEPH FELIX,

13

Plaintiff,

14

v.

15

COUNTY OF SANTA CLARA, et al.,

16

Defendants.

17

Case No. 24-cv-00660 BLF

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

18          Plaintiff, a state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983

19  against the County of Santa Clara.  Dkt. No. 1.  The Court dismissed the complaint with

20  leave to amend for Plaintiff to attempt to state sufficient facts to state a cognizable claim.

21  Dkt. No. 13.  Plaintiff filed a first amended complaint ("FAC").  Dkt. No. 14.

22

23                                          **DISCUSSION**

24  **I.      <u>Standard of Review</u>**

25          A federal court must conduct a preliminary screening in any case in which a

26  prisoner seeks redress from a governmental entity or officer or employee of a

27  governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

28

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   **Plaintiff's Claims**

In the original complaint, Plaintiff named "Unidentified Santa Clara County Authorities" as Defendant in this action.  Dkt. No. 1 at 2.  The Court found the complaint lacked sufficient factual allegations describing the acts or conduct of any specific state actor to support a cognizable claim for relief.  Dkt. No. 13 at 2.

In the FAC, Plaintiff claims he is "a kidnapped, falsely arrested, falsely imprisoned, T.I.N. man" who is incarcerated at the Santa Clara County Elmwood Facility.  Dkt. No. 14 at 4.  He names forty-four defendants which include three attorneys from the District Attorney's office, four superior court judges, an "administrative" officer, a county clerk, four "government" officers, an officer from the Sheriff's Department, and thirty San Jose police officers (some by name and some by badge number).  *Id.* at 4-25.  Plaintiff asserts thirty-six causes of action based on his allegations.  *Id.* at 34-51.

Plaintiff alleges that on January 23, 2018, he was "falsely accused of illegal hearsay evidence" by the San Jose Police Department.  *Id.* at 26.  On January 24, 2018, officers came to his home to conduct an investigation, including an interview.  *Id.* at 27-28. Plaintiff includes allegations regarding evidence and witnesses during February 2018 and September 2018.  *Id.* at 28-30.  Then on April 17, 2023, Plaintiff began to represent himself in court as a "pro se defendant."  *Id.* at 30.  He describes various court

United States District Court
Northern District of California

1    proceedings, exchange of documents, and alleges denial of rights.  *Id.* at 31-33.  He seeks

2    declaratory judgment and damages.  *Id.* at 53.

3          There are several issues with the amended complaint.  First of all, Plaintiff's

4    allegations indicate that his claims involve criminal charges and proceedings in Santa

5    Clara County.  According to the County of Santa Clara's Superior Court website, there is

6    at least one active felony complaint pending against Plaintiff (criminal case No.

7    C1801767).[1]  So it may be that Plaintiff is seeking to challenge those criminal proceedings

8    through this action.  If so, there are several reasons why this matter may not proceed.

9          **A.    *Younger* Abstention**

10          Under principles of comity and federalism, a federal court should not interfere with

11   ongoing state criminal proceedings by granting injunctive or declaratory relief absent

12   extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37, 43-46 (1971); *Samuels

13   v. Mackell*, 401 U.S. 66, 68-74 (1971).  *Younger* abstention is required when: (1) state

14   proceedings, judicial in nature, are pending; (2) the state proceedings involve important

15   state interests; and (3) the state proceedings afford adequate opportunity to raise the

16   constitutional issue.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457

17   U.S. 423, 432 (1982).  All three elements must be present.  *Agriesti v. MGM Grand Hotels,

18   Inc.*, 53 F.3d 1000, 1001 (9th Cir. 1995) (abstention improper where arrest and issuance of

19   citation were executive acts not judicial in nature, and only potential for future state

20   judicial proceedings existed).  A fourth requirement has also been articulated by the Ninth

21   Circuit: that "the federal court action would enjoin the state proceeding or have the

22   practical effect of doing so, i.e., would interfere with the state proceeding in a way that

23   *Younger* disapproves."  *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir.

24   2008) (citing cases).

25          It appears that *Younger* abstention may apply if the allegations in the amended

26

27   [1] https://traffic.scscourt.org/case/MjgwNTUyMA==

28                                           3

complaint are challenging the criminal action in Case No. C1801767 or any other pending criminal action.  Plaintiff shall be granted leave to file another amended complaint in which he must either allege that criminal proceedings have concluded or show that extraordinary circumstances warrant federal intervention to overcome *Younger* abstention.

**B.    Habeas Action**

Even if Plaintiff has already been convicted and is challenging the constitutionality of his conviction and sentence, a § 1983 action is not the appropriate avenue for such a challenge.  The constitutionality of state civil commitment proceedings may be challenged in federal habeas corpus once state remedies have been exhausted.  *See Nelson v. Sandritter*, 351 F.2d 284, 285 (9th Cir. 1965).  Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).  Accordingly, if Plaintiff is seeking to challenge his state conviction and sentence, this action should be dismissed without prejudice to his refiling as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.  He must clearly allege the status of criminal proceedings in an amended complaint.

**C.    *Heck* Bar**

Furthermore, if Plaintiff is seeking damages for the wrongful conviction, he must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.  Accordingly, Plaintiff must first succeed in a habeas action before he can

United States District Court
Northern District of California

pursue a § 1983 action for damages for the unlawful conviction.

### D.    Defendants

Another problem with the amended complaint is that Plaintiff may not be able to proceed against the named prosecutors and state court judges.

A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Cousins v. Locker*, 568 F.3d 1063, 1068-69 (9th Cir. 2009) (California Attorney General absolutely immune from liability for wrongful imprisonment for failing to notify the court and CDCR of change in law entitling an inmate to release because this involves petitioning the court and is prosecutorial, rather than investigative or administrative, in nature). Unless Plaintiff can overcome prosecutorial immunity, he cannot proceed on a claim against the prosecution in their role as an "advocate for the State."

With regard to state judges, they are absolutely immune from civil liability for damages for acts performed in their judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, i.e., whether it is a function normally performed by a judge, and to (2) the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Ruling on a motion and exercising control over a courtroom are normal judicial functions. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (judge who denied disability accommodation to litigant was absolutely immune). Therefore, Plaintiff cannot proceed on a claim against the state judges for acts performed

in their judicial capacity unless he can overcome judicial immunity.

### E.   Second Amended Complaint

Even if the amended complaint did not have the above issues, the allegations are deficient to proceed on all the thirty-six causes of actions listed.  Specifically, Plaintiff's thirty-six causes of actions are not individually supported by factual allegations against specific Defendants as he merely "incorporates" the previous paragraphs of the amended complaint for each claim and refers to "Defendants et al."  Dkt. No. 14 at 34-51.  For example, his first claim is that he was subjected to cruel and unusual punishment under the Eighth Amendment.  *Id.* at 34.  He asserts that "Defendants et al." violated his rights "by depriving Plaintiff of proper services entitled to pro se defendants, by committing acts of fraud for personnel [sic] gain and causing mental duress and treating the Plaintiff as chattel."  *Id.*  However, the factual allegations within "paragraphs 1 through 105" do not support such a claim against "Defendants et al."  Nor are the allegations sufficient to establish that the lack of "proper services" to a pro se defendant amounts to "cruel and unusual punishment" under the Eighth Amendment.

Plaintiff should keep the following principles in mind in preparing an amended complaint.  Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633.

///

///

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1.      The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file a second amended complaint using the court's form complaint to address the issues and correct the deficiencies described above.  The second amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 24-cv-00660 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page.  Plaintiff must answer all the questions on the form in order for the action to proceed.  Plaintiff is reminded that the second amended complaint supersedes the previous complaints, and Plaintiff may not make references to the original or first amended complaints.  Claims not included in the second amended complaint are no longer claims and defendants not named therein are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2.      **Failure to respond in accordance with this order by filing an amended complaint or notice in the time provided will result in the dismissal of this action with prejudice for failure to state a claim for relief without further notice to Plaintiff.**

3.      The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  __October 3, 2024____

BETH LABSON FREEMAN
United States District Judge

Order Dismissing FAC with Leave to Amend
P:\PRO-SE\BLF\CR.24\00660Felix_dwlta2

United States District Court
Northern District of California

7